IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTHONY HENRY,<br><br>                Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>                Defendant. | Case No. 3:15-cv-00187-RRB<br><br>**ORDER AS TO<br>MOTIONS REGARDING<br>ACCESS TO BROWN REPORT AND<br>RELATED JUDICIAL RECORDS<br>(Dockets 824, 856, 858)** |

        Federal Rule of Civil Procedure 26(c) addresses protective orders in civil matters: "A party or any person from whom discovery is sought may move for a protective order . . . . The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."[1] A "good cause" showing will suffice to seal documents produced in discovery.[2] In the early stages of this litigation, the parties entered into a Stipulated Protective Order.[3] Some of the briefing and Court orders in this matter have, accordingly, been sealed. In this case, however, because the parties had stipulated to the Protective Order, "a particularized showing of 'good cause' to keep the documents under seal had never been made to the court" as required by

---

[1] Fed. R. Civ. P. 26(c)(1) (emphasis added).
[2] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).
[3] Dockets 253; 322.

Rule 26(c).[4]  The Ninth Circuit has observed that where a party obtains a "blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these records under seal forever."[5]

At Docket 824, the ANCHORAGE DAILY NEWS and KTUU-TV Channel 2 News (Intervenors), file a Motion for Access to the Brown Report and Related Judicial Records, which is opposed by both Plaintiff and Defendant.[6]  Intervenors reply.[7]  Plaintiff filed a cross-motion, contending that if the Brown Report is released, then numerous other items should be released as well.[8]  Defendants oppose the cross-motion,[9] and Intervenors reply.[10]

Intervenors' argument rests on the theory that "the Brown Report relates significantly to a number of matters of public interest and concern, and should be disclosed, not kept secret."[11]  Intervenors argue that the press and public have a First Amendment and common law right of access to judicial records, and that the stipulated protective order in this case does not constitute good cause, let alone a compelling reason, to overcome the public's right of access.[12]

---

[4] See *Kamakana,* 447 F.3d at 1176.
[5] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).
[6] Dockets 851; 855.
[7] Docket 878.
[8] Docket 856.
[9] Docket 886.
[10] Docket 879.
[11] Docket 825 at 2.
[12] *Id.* at 11–19.

*Henry v. Municipality of Anchorage, et al.*                                                                                                         Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records                                                Page 2
Case 3:15-cv-00187-RRB   Document 918   Filed 09/25/18   Page 2 of 12

Plaintiff and Defendant oppose the request for various reasons. The Municipality argues that the Brown Report and its attachments "contain highly confidential and sensitive information regarding sexual assault victims, confidential informants, and other law enforcement investigations."[13] Alternatively, the Municipality suggests that if the Court grants access to the Brown Report, in whole or in part, it should delay access until after trial to avoid tainting the jury pool.[14] Henry is concerned about the impact on potential jurors and his inability to influence public opinion prior to trial.[15] Both parties argue that there is no prejudice to Intervenors in delaying production of the Brown Report.[16]

## A. Right to Public Access

There is a "strong presumption" in favor of public access to judicial records.[17] The Court is unpersuaded by the argument that Intervenors' timing warrants further delay in disclosure of the Report itself. Intervenors have been endeavoring to obtain a copy of the Brown Report since December 7, 2017.[18] Public policy favors disclosure, because the public has an "interest in understanding the judicial process."[19] In *Kamakana*, the Ninth Circuit addressed "whether court records, originally filed under seal as attachments to motions in a civil action alleging police corruption, must be released to a

---

[13] Docket 851 at 2.
[14] *Id.*
[15] Docket 855 at 7–9.
[16] Dockets 851 at 13; 855 at 11.
[17] *Kamakana*, 447 F.3d at 1178. There is an exception for court records that are "traditionally kept secret." *Id.* But the records in this case do not fall into that category.
[18] Docket 855-1 at 6.
[19] *Kamakana*, 447 F.3d at 1178 (citations omitted).

*Henry v. Municipality of Anchorage, et al.*                                          Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records              Page 3
Case 3:15-cv-00187-RRB    Document 918    Filed 09/25/18    Page 3 of 12

newspaper under a common law right of access."[20] The trial court approved a stipulated protective order which restricted access to discovery materials to parties and counsel, and limited their use solely for the litigation.[21] After settlement, upon motion of an intervening media outlet, the court unsealed "virtually all of the pleadings and documents."[22] Upon affirming the lower court's decision, the Ninth Circuit held:

> Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." . . . This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." . . . [and] is aided by the efforts of newspapers to "publish information concerning the operation of government." . . .[23]

*Kamakana* explained that there is a "strong presumption in favor of access" such that a party seeking to seal a judicial record bears the burden of overcoming this presumption by "[articulating] compelling reasons supported by specific factual findings," that outweigh the public policies favoring disclosure.[24] While *Kamakana* held that a "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions,[25] "[t]hose who seek to maintain the secrecy of documents attached to dispositive

---

[20] *Id*. at 1175. The facts of *Kamakana* are similar to the facts here, as it involved a police detective who was the subject of criminal and administrative internal investigations, and ultimately claimed retaliation by the City for whistleblower activities.
[21] *Id*. at 1176.
[22] *Id*. at 1175.
[23] *Id*. at 1178.
[24] *Id*. Although some materials are "traditionally kept secret," such materials are not at issue in this case. They include grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).
[25] *Kamakana*, 447 F.3d at 1180. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test. . . . Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the

*Henry v. Municipality of Anchorage, et al.* Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records Page 4
Case 3:15-cv-00187-RRB   Document 918   Filed 09/25/18   Page 4 of 12

motions must meet the high threshold of showing that 'compelling reasons' support secrecy."[26] The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, previously were filed under seal or protective order.[27] The Ninth Circuit later clarified that "the case law of other circuits . . . rejects a mechanistic rule to determine when the presumption of public access applies."[28] "[W]e make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'"[29]

**B.    Compelling Reasons**

> In general, "compelling reasons" . . . exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . .[But t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. . . .[30]

The parties offer a number of suggested "compelling reasons" to maintain the confidentiality of the Brown Report.[31]

---

scale.  Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. . . .  This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record.  Thus a 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Kamakana*, 447 F.3d at 1180 (internal citations and footnotes omitted).

[26] *Id.*
[27] *Id.* at 1179.
[28] *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016).
[29] 809 F.3d at 1101.
[30] *Kamakana*, 447 F.3d 1179 (internal citations omitted).
[31] Docket 851 at 7–12.

*Henry v. Municipality of Anchorage, et al.*                                                                Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records                                              Page 5
Case 3:15-cv-00187-RRB   Document 918   Filed 09/25/18   Page 5 of 12

### 1. Sensitive information

The Municipality cites a number of federal and state statutes and regulations designed to protect information associated with sexual assault victims, juveniles, confidential informants, driver's license numbers, HIPAA, employment information, etc.[32] The Alaska Constitution also protects individual privacy interests.[33] However, the Municipality has not explained why redaction of the Brown Report would not be adequate to protect these legitimate concerns. Intervenors are in agreement that a certain amount of redaction is appropriate.[34]

### 2. Tainting the jury pool

Both parties are concerned about the timing of release of the Brown Report just a few weeks before trial. The Municipality suggests there is risk of tainting the jury pool.[35] Henry complains that, if the Court grants the Motion, Intervenors will "immediately be able to upload the Rick Brown report to its websites where it will be publicly and continuously accessible, creating pervasive negative coverage adverse to [his] interest in a fair trial."[36] Moreover, argues Henry, the Report "provides only the MOA's position in this case,"[37] and he will not be able to defend against the Brown Report in the public forum because much of the information needed for that argument is also protected confidential information under the Stipulated Protective Order.[38] If disclosure of the

---

[32] *Id.* at 7.
[33] *See* Article 1, Section 22 of the Alaska Constitution.
[34] Docket 878 at 11.
[35] Docket 851 at 13.
[36] Docket 855 at 2.
[37] *Id.* at 6.
[38] *Id.* at 3.

*Henry v. Municipality of Anchorage, et al.*     Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records     Page 6
Case 3:15-cv-00187-RRB   Document 918   Filed 09/25/18   Page 6 of 12

Brown Report is delayed until the Report is admitted as an exhibit, Henry argues, the jury pool will remain untainted.[39] "A short delay in the release of the report will protect Lt. Henry's compelling interest in a fair trial and will not prejudice the Media."[40] He argues that "the disputed nature of the information at issue" is a compelling reason to delay disclosure of the Brown Report, and that "trial is the only place Lt. Henry will be able to challenge the false allegations and improper conclusions by the MOA. If this Court allows the Media to access the report prior to that time, potential jurors will not be aware of any of this, and will be tainted before trial even begins."[41] While the foregoing is superficially persuasive, the Court notes that "potential jurors" who are "tainted before trial even begins" will be identified during jury selection and excused.

Moreover, as Intervenors explain, Plaintiff has had an opportunity to present "his side" of the story in numerous public documents in the Court record, which are available on the internet. "It is part of the public process, which Henry has taken full advantage of in prosecuting a lawsuit he chose to bring, using the public court system of our federal government to redress actions of our municipal government."[42] Intervenors describe the suggestion that the Brown Report and related documents should be concealed until after trial as "novel."[43] Intervenors argue that the test is whether there is "actual

---

[39] *Id.* at 9.
[40] *Id.* at 6.
[41] *Id.* at 7–9.
[42] Docket 879 at 13.
[43] Docket 878 at 4–8.

*Henry v. Municipality of Anchorage, et al.*     Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records     Page 7
Case 3:15-cv-00187-RRB    Document 918    Filed 09/25/18    Page 7 of 12

prejudice preventing a fair trial, not some arbitrary proximity between news coverage and a trial."[44]

### 3. Concern regarding ongoing investigations/other law enforcement interests

The Municipality argues that the Brown Report and its attachments contain confidential references to investigations and activities of law enforcement agencies other than APD. "Disclosure of this information may compromise ongoing investigations, impede crime prevention, and endanger officers and civilians."[45] The Municipality notes that, because some investigations are being conducted by other agencies, the Municipality is not in a position to provide "specific findings" as to investigations it is not privy to. In response, Intervenors argue that the "MOA has simply presented a parade of abstractions," filled with factually inadequate conjecture.[46]

The Court notes that, with respect to the 97-page Brown Report, redactions would be sufficient to work around these concerns. The attachments are discussed below.

## C. Henry's Cross-Motion to Release Other Confidential Materials

Henry argues that if this Court discloses the Brown Report, it should simultaneously disclose other confidential documents relied on by the parties in dispositive motion practice.[47] Henry identifies nearly 90 docket items (hundreds of pages) of materials that he thinks should be disclosed.[48] The list appears to be virtually every sealed exhibit

---

[44] Docket 879 at 11.
[45] Docket 851 at 12.
[46] Docket 878 at 13.
[47] Docket 856 at 11.
[48] *See* Docket 856-3.

*Henry v. Municipality of Anchorage, et al.*                                                             Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records                        Page 8
Case 3:15-cv-00187-RRB    Document 918    Filed 09/25/18    Page 8 of 12

associated with summary judgment motion practice. Review of the list of materials reveals that these items, with the exception of excerpts from the already publically-available APD Policy Manual,[49] are documents that each, individually, may be the subject of a "compelling reasons" argument.[50]

In response, the Municipality argues that the sole basis of the cross-motion "is founded not in any legal authority, but in Plaintiff's belief that unsealing records beyond those requested by the Media would somehow 'allow[] Lt. Henry to defend against the Rick Brown report.' The import of Plaintiff's 'defend against' reference is unclear, but in context he appears to be referring to defending himself in the fictional court of public opinion."[51]

The Municipality does not oppose the unsealing of the following numbered attachments to the Brown Report: 1, 4, 5, 6, 9, 12, 38, 46, 47, 78, 84, 106, 110, 122, 123, and 124.[52] The Court observes that most, if not all, of the items on that list already are publicly available, and there is little, if any, overlap between these documents and the documents that Plaintiff wants unsealed.

## CONCLUSION AND ORDER

With respect to the 97-page Brown Report, dated March 15, 2015, while the Court finds the concerns identified by the Municipality regarding victims, informants, etc., to be compelling reasons to keep *prior* sealed versions under seal, the Court determines

---

[49] Dockets 474-4; 474-5.
[50] Docket 856-3 at 3–8.
[51] Docket 886 at 2–3, citing Docket 856 at 12.
[52] Docket 851 at 14–15.

*Henry v. Municipality of Anchorage, et al.* Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records Page 9
Case 3:15-cv-00187-RRB Document 918 Filed 09/25/18 Page 9 of 12

that those compelling reasons can be resolved by redacting the report. Redactions to protect victims, informants, and other sensitive information shall be approved by this Court prior to release. Although the parties already have submitted redacted copies, they may have until October 5, 2018, to supplement their redactions in light of this Order. Plaintiff and Defendant shall provide the Court, *in camera*,[53] with joint proposed redactions of the Brown Report for the Media at or before 5:00 p.m. on that date. In the alternative, if the parties cannot agree upon a redacted version of the report, they each shall provide the Court with their proposed redactions, and no more than 5 pages of briefing each regarding why an agreement could not be reached, by the same deadline. In either instance, the Court ultimately will determine the final redacted version. Out of an abundance of caution, victim and informant names may be redacted without the use of initials.

With respect to the attachments to the Rick Brown Report, some of which are encompassed by Plaintiff's cross-motion to release exhibits to dispositive motion practice, some of which are public record, and some of which this Court has not even seen, the Court does ***not*** order disclosure of those items at this time. The "compelling reasons" identified still are concerns with respect to many of the attachments.[54] To the extent that the parties are willing to stipulate to the unsealing of certain attachments, the Court will sign off on such an order.[55] To the extent that attachments will require redaction before

---

[53] Either by paper copy, or a PDF that is on disk or emailed.
[54] *See* Docket 851 at 7.
[55] The Court is hopeful, but not optimistic, that Plaintiff, Defendant, and Intervenors could negotiate the release of other documents without constant Court intervention going forward, with the guidance outlined in this Order as a roadmap to anticipate how this Court would rule on individual documents. In the event that the Court must be involved in the determination of the release of individual

*Henry v. Municipality of Anchorage, et al.*      Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records      Page 10

Case 3:15-cv-00187-RRB    Document 918    Filed 09/25/18    Page 10 of 12

being released (if they are not deemed sealed for "compelling reasons" on a case-by-case basis), that will take time. To that end, the parties' concerns about the upcoming trial date are well-taken.

Accordingly, the Motion for Access to the Brown Report and Related Judicial Records at **Docket 824** is **GRANTED IN PART**, specifically as to the 97-page Internal Investigation Report dated March 15, 2015. The Cross-Motion to Unseal Confidential Materials at **Docket 856** is **DENIED WITHOUT PREJUDICE**. The Motion for Hearing at **Docket 858** is **DENIED**. The parties may have until **October 5, 2018,** to submit their redactions according to the instructions herein. The Court anticipates releasing the redacted Brown Report via a new, separate docket entry.

Finally, given the imminent trial date and the upcoming task of selecting a fair and impartial jury, and considering the interests of all involved, the Court will exercise its discretion and delay the docket entry until shortly after a jury has been seated. Federal Rule of Civil Procedure 1 tasks the Court with ensuring the "just, speedy, and inexpensive determination of every action and proceeding." Given the foregoing deadlines, the redacted Brown Report likely would not be released significantly earlier than the first day of trial. However, such release would belabor the jury selection process, which would require an additional layer of questioning in the event of press coverage the preceding weekend, and possibly would result in the need for a change of venue. While there are no

---

sealed documents, those determinations will be made as this Court's docket allows. The parties are advised to keep any associated briefing as short as possible in order to expedite the decision-making process.

*Henry v. Municipality of Anchorage, et al.*                                                        Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records             Page 11
Case 3:15-cv-00187-RRB    Document 918    Filed 09/25/18    Page 11 of 12

compelling reasons to withhold the Report, once redacted, the Court finds that a delay of a few days does not significantly prejudice Intervenors, and is in the interest of justice.

IT IS SO ORDERED this 25th day of September, 2018, at Anchorage, Alaska.

> */s/ Ralph R. Beistline*
> RALPH R. BEISTLINE
> Senior United States District Judge

*Henry v. Municipality of Anchorage, et al.*     Case No. 3:15-cv-00187-RRB
Order as to Motions Re Access to Brown Report and Related Judicial Records     Page 12
Case 3:15-cv-00187-RRB   Document 918   Filed 09/25/18   Page 12 of 12