IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTHONY HENRY,<br><br>        Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>        Defendant. | Case No. 3:15-cv-00187-RRB<br><br>**ORDER** |

As the Court reviews the proposed jury instructions of the parties, the anticipated questions for experts, the extraordinary volume of exhibits and extensive objections thereto by the parties, as well as the numerous witnesses listed, the Court is reminded again of the tendency in this matter, on the part of both parties, to engage in lengthy presentations, straying in some situations far from the matters at issue. Therefore, in addition to strictly enforcing previous orders *in limine* and carefully avoiding repetitive and irrelevant matters, the Court will impose time limits on the parties that hopefully will work to streamline matters and avoid unnecessary delay.

In the instant case, the Court earlier spoke of a total of 18 days for trial. One day of this will be for jury selection and opening statements. One day will be reserved for closing argument and jury instruction. This leaves 16 days for the presentation of evidence. The Court anticipates 6 hours of actual testimony a day, excluding break time, the total

time for evidence would be 16 days times 6 hours per day, for a total of 96 hours.  The Court, therefore, will permit each party a total of 48 hours to present their respective cases, which will include both direct- and cross-examination.  Calling of witnesses and presentation of evidence should be done with these time limits in mind.  This should be far more time than necessary to resolve this matter, but can be adjusted upon a showing of good cause.

## I. BROWN REPORT

After reviewing the Brown Report, and the arguments of the parties relating thereto, and recognizing the pivotal role it plays in this litigation, the Court concludes that it should be admitted into evidence in its redacted form.  The Brown Report is not being admitted for the truth of the matters asserted, but is being admitted as the document that allegedly gave rise to Defendant's conduct and the state of mind of the various actors who played a role in it or who acted upon it.  Plaintiff may submit a proposed cautionary instruction for the Court to consider.  It makes little sense for the jury to listen for three weeks about a document that they are not permitted to see.

## II. OTHER EXHIBITS

With regard to the numerous other proposed exhibits, they will be addressed on a case-by-case basis.  The Court doubts that the parties actually expect to admit all that has been submitted, and urges the parties to reasonably stipulate what they know to be relevant and admissible exhibits.  Hopefully, valuable trial time will not be spent arguing over exhibits.  At the end of each trial day, the parties should be prepared to announce

which witnesses they intend to call and which documents they expect to submit into evidence the following day.

IT IS SO ORDERED this 4th day of October, 2018, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Henry v. Municipality of Anchorage*   Case No. 3:15-cv-00187-RRB
Order   Page 3
Case 3:15-cv-00187-RRB   Document 943   Filed 10/04/18   Page 3 of 3